J.A22035/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.T. AND M.R.T., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L.S. F/K/A L.R., | : | |
| | : | |
| | : | No. 433 MDA 2014 |

Appeal from the Order Entered February 14, 2014
In the Court of Common Pleas of York County
Civil Division No(s).: 2013-FC-001604-03

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 16, 2014**

Appellants, K.T. and M.R.T. ("Grandparents"), appeal from the order entered in the York County Court of Common Pleas dismissing their complaint for partial physical custody of their grandchildren, K.A.T., born in 2007, and K.W.R., born in 2009 ("Grandchildren").[1]  We vacate and remand.

Grandparents are the parents of natural father, D.T., who is deceased. On September 6, 2013, Grandparents filed a complaint seeking partial physical custody of Grandchildren.  A detailed recitation of the facts is not

---

[*] Former Justice specially assigned to the Superior Court.

[1] Our review of the record did not reveal the month in which Grandchildren were born.

necessary for our disposition. Grandparents have standing to file a complaint for partial physical custody of Grandchildren. **See** 23 Pa.C.S. § 5325(1).

On October 4, 2013, the court entered an interim order for custody pending trial which provided Grandparents with periods of partial physical custody. Interim Order for Custody, 10/4/13, at 3-6. The court held a hearing on February 10, 2014 and dismissed Grandparents' complaint for partial physical custody. This timely appeal followed. Grandparents filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2). The trial court filed a Pa.R.A.P. 1925(a) opinion.

Grandparents raise the following issues for our review:

> [1]. Whether the trial court committed an abuse of discretion or an error of law by failing to conduct a detailed child custody analysis in entering its opinion and order as required by both statutory law, specifically 23 Pa.C.S. § 5328(c), and appellate case law?
>
> [2]. Whether the trial court committed an abuse of discretion or an error of law by repeatedly allowing the admission of evidence (over objections) of criminal and motor vehicle offenses not enumerated in 23 Pa.C.S. § 5329 and which were not otherwise admissible under the Rules of Evidence?
>
> [3]. Whether the trial court committed an abuse of discretion or an error of law by failing to grant [Grandparents] any rights of partial physical custody whatsoever which severed all ties between [Grandchildren] and [Grandparents'] ancestry and which order is in contravention of long-standing appellate case law as well as the purpose and intent of 23 Pa.C.S. § 5325?

[4]. Whether the trial court committed an abuse of discretion or an error of law by focusing its analysis of the evidence exclusively on the apparent conflict between the biological mother and paternal grandmother and failing to perform the detailed analysis required under 23 Pa.C.S. § 5328(c)(1) when standing exists because the biological father is deceased (23 Pa.C.S. § 5325(a)) and [Grandparents] sought relief under 23 Pa.C.S. § 5328?

[5]. Whether the trial court committed an error of law or abused its discretion by *sua sponte* raising a constitutional issue regarding whether the legislature exceeded its authority to adopt the Custody Statute?

Grandparents' Brief at 4.[2]

In their first issue, Grandparents argue the trial court erred by failing to conduct a detailed child custody analysis pursuant to 23 Pa.C.S. § 5328(a). *Id.* at 20. We agree.

This Court has stated:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***C.R.F. v. S.E.F.***, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

---

[2] For ease of disposition, we have changed the order of the issues.

Initially, we observe that in any custody case decided under the Child Custody Act ("the Act"), the paramount concern is the best interests of the child. *See* 23 Pa.C.S. §§ 5328(a), 5338(a). In **L.A.L. v. V.D.**, 72 A.3d 690 (Pa. Super. 2013), this Court held that in a custody action initiated by a grandparent, the court must consider the statutory factors in determining the best interests of the child. *Id.* at 695.

> Section 5328(c)(1) of the Child Custody Act requires a court consider the following factors when awarding custody to grandparents and great-grandparents:
>
> (i) the amount of personal contact between the child and the party prior to the filing of the action;
>
> (ii) whether the award interferes with any parent-child relationship; and
>
> (iii) whether the award is in the best interest of the child.
>
> 23 Pa.C.S. § 5328(c)(1)(i)-(iii). **Section 5328(a) provides a non-exhaustive list of factors that courts must consider when determining the best interest of the child**, including:
>
> > (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
> >
> > (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.[3]

---

[3] In 2012, Section 5328 was amended to add a factor at subsection (a)(2.1) which provides: "The information set forth in section 5329.1(a) (relating to

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

---

consideration of child abuse and involvement with protective services)". 23 Pa.C.S. § 5328(a)(2.1)

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a)(1)-(16).

*Id.* at 695-96 (emphasis added).

In *L.A.L.*, the trial court did not conduct an analysis of the statutory factors because it determined that the paternal grandparents did not have standing to seek partial custody. *Id.* at 691. This Court held that the grandparents had standing and opined: "Because the present record does not evince a thorough analysis of all relevant factors, we cannot conclude that the trial court properly considered the Child's best interest." *Id.* at 696. This Court vacated the order dismissing the grandparents' petition and remanded for the trial court to hold a hearing to consider the best interests of the child in light of the statutory factors. *Id.*

Instantly, following the hearing, the trial court dismissed Grandparents' complaint for custody. N.T., 2/10/14, at 297. The trial court opined:

> We have reviewed our Decision and feel no need presently to elaborate further. As the issues are styled, we would take the opportunity to offer some generalized comments and observations. Simply put, this Judge believes that **the legislature has unduly encroached upon the judiciary** and the way Judges are to perform their responsibilities. **To state the issues of error as failing to conduct a detailed child custody analysis as**

> **required misdirects the focus away from the sole question of what is in the best interests of children.**
>
> \* \* \*
>
> Perhaps in hindsight, this Judge should have declared outright in this case that **"the factors" would not be considered** . . . .

Trial Ct. Op., 3/24/14, at 2-3, 5 (emphasis added).

The court did not consider the statutory factors under Section 5328(a), finding the legislature "unduly encroached" upon it. We find the trial court erred as a matter of law in not considering the custody factors as set forth in Sections 5328(a) and (c) of the Act in entering its order. **See L.A.L.**, 72 A.3d at 695-96; **C.R.F.** 45 A.3d at 443. Therefore, we vacate the order and remand for the court to properly consider Grandchildrens' best interest in light of the statutory factors. The court is directed to enter an order within sixty days.

Because of our disposition, we need not reach Grandparents' remaining issues.[4]

---

[4] We note that Grandparents contend the trial court erred by "allowing the admission of evidence (over objections) of criminal and motor vehicle offenses not enumerated in 23 Pa.C.S. § 5329 and which were not otherwise admissible under the Rules of Evidence." Grandparents' Brief at 4. However, as Grandparents concede, "[t]he only factor the court analyzed in its opinion related to [the conflict between Grandmother and the mother] and it used this factor to deny Grandparents any custodial time with their grandchildren." **Id.** at 36, 37. The trial court stated, when rendering its decision, "But the bottom line is this. There is a conflict between grandmother and mother." N.T. Decision, 2/10/14, at 13. "To constitute reversible error, an evidentiary ruling must be both erroneous and

J. A22035/14

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 9/16/2014

---

prejudicial to the complaining party." **A.J.B. v. M.P.B.**, 945 A.2d 744, 751 (Pa. Super. 2008). Instantly, because we are vacating the order and remanding for the trial court to consider the best interests of the children based upon the statutory factors, it would be premature to address this evidentiary claim.